IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-00221-FL

| | |
|---|---|
| MARY D. WARREN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
|   Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On December 6, 2012, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning July 20, 2012.[1] The claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a November 19, 2014, hearing, denied plaintiff's claims by decision

---

[1]Plaintiff's application for supplemental security income was denied on December 14, 2012, because her income exceeded the threshold for eligibility and only plaintiff's claims for a period of disability and disability insurance benefits was adjudicated by the administrative law judge.

entered February 23, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review , and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on August 15, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build

an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 20, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: mild facet degenerative disc disease; diabetes mellitus; diabetic macular edema and retinopathy; and hypertension. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work, in that plaintiff can lift and carry or push and pull 10 pounds occasionally, stand or walk for 2 hours, and sit for 6 hours during a routine 8-hour work day. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a receptionist. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Plaintiff argues that the ALJ erred in determining that she was able to perform the full range of sedentary work in that the ALJ failed to conduct a function-by-function analysis.[2] An ALJ's residual functional capacity assessment must "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including

---

[2] The magistrate Judge addressed additional arguments raised by plaintiff concerning the ALJ's credibility analysis, to which plaintiff has not articulated specific objections. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate Judge's treatment of this issue.

the functions listed in the regulations." Mascio, 780 F.3d at 636 (quotations omitted). The Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Id. However, "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quotations omitted).

Remand is not required in this instance because the ALJ discusses in her decision the functional limitations alleged by plaintiff. In addition, although the ALJ did not perform an "explicit function-by-function analysis," id., the ALJ's discussion is sufficiently detailed to enable meaningful review. Likewise, the ALJ discusses conflicting evidence in the record as to plaintiff's RFC, allowing for the court to discern an "accurate and logical bridge from the evidence to [the ALJ's] conclusion." Monroe, 826 F.3d at 189.

Plaintiff first alleges that the ALJ failed to provide a function-by-function analysis regarding plaintiff's extremity numbness, or manipulative limitations caused by plaintiff's diabetes. However, the ALJ properly considered plaintiff's statements concerning her trouble gripping and grasping and that because of plaintiff's diabetes, her hands and feet feel like there are pins in them. (Tr. 20). The ALJ also noted plaintiff's long-term history of diabetes and again that plaintiff intermittently complained of extremity numbness. (Id. at 21). The ALJ then turned to the medical evidence, finding that plaintiff's treating physician, Steven Skahill, M.D., found that plaintiff had a good range of motion of her arms and neck with no loss or sensation or reflexes, and that an additional doctor, Kia Sewell, M.D., found that plaintiff "demonstrated full strength and range of motion of her upper and lower extremities" and "[a]s with previous and subsequent physical exams, her sensation was

5

intact." (Id. at 21-22). The ALJ noted that although Dr. Skahill diagnosed plaintiff with carpal tunnel syndrome after plaintiff complained of numbness in her fingers upon waking, the doctor did so even after "physical exam results continued to show she had no deficits, decreased sensation or weakness of her upper extremities." (Id. at 22). Additionally, although Dr. Skahill completed three medical source statements using check boxes to indicate manipulation limitations, the ALJ found that "Dr. Skahill repeatedly noted in his clinic records that the [plaintiff] ambulated with a normal gait and had intact sensation and reflexes." (Id.). Overall, the ALJ found that "the medical evidence of record does not fully support the degree of limitation alleged." (Id. at 21). The ALJ's findings concerning plaintiff's extremity numbness are supported by substantial evidence.

Plaintiff also asserts that the ALJ did not properly conduct a function-by-function analysis concerning side effects from medication. The ALJ did not, but that does not in this instance necessitate remand. Plaintiff bears the burden of establishing that an impairment is severe. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). A review of the record indicates that plaintiff reported to the Social Security Administration on May 15, 2013, that some of her medications cause drowsiness and dizziness, (Tr. 253), and plaintiff told the ALJ at her administrative law hearing that she felt uncomfortable driving while on pain medication, (Id. at 20). However, although plaintiff alleged, and the ALJ addressed, that plaintiff was disabled due to herniated disc, high blood pressure, diabetes, muscle spasms in her right arm, chronic back pain, numbness of her right side, and right leg pain, plaintiff never claimed that she was unable to work due side effects from medication. (Id. at 16-24, 31-47). Additionally, the record does not reflect that she ever complained to her doctors about side effects from her medication. (See id.). Plaintiff has not demonstrated that side effects from medication limit her beyond the scope of the ALJ's RFC finding, and the ALJ was

6

not required to perform a function-by-function analysis of limitations not supported by the record. See Lee v. Sullivan, 945 F.2d 687, 692 (4th Cir.1991) (ALJ not required to include limitations or restrictions in his decision that he finds are not supported by the record); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").[3]

In sum, remand is not required for an explicit function-by-function analysis in this case, where the ALJ discussed in her decision the functional limitations alleged by plaintiff and there are no other inadequacies in the ALJ's analysis that frustrate meaningful review. Here, unlike in Mascio, this court is not "left to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637.

Plaintiff also argues that the ALJ failed to accord plaintiff's treating physicians' opinions the appropriate weight. However, plaintiff raised the same argument in her memorandum in support of motion for judgment on the pleadings, and the argument was fully addressed by M & R. After thorough de novo review of the record and issues raised by these objections, the court is satisfied that the magistrate Judge adequately addressed these issues raised by plaintiff in the M & R. (See M & R 8-12). The analysis and conclusions in the M & R on these issues is thorough, and where plaintiff raises no new arguments as to these issues, the court adopts the findings of the M&R as its own regarding plaintiff's objection to the weight given by the ALJ to plaintiff's treating physicians' opinion.

---

[3]Plaintiff also argues that the ALJ failed to perform a function-by-function analysis related to plaintiff's limitations in concentration due to pain. Similar to above, although plaintiff stated at her administrative law hearing that her pain can affect her ability to concentrate, (Tr. 37), there is no evidence in the record that plaintiff indicated to her doctors, to the Social Security Administration, or during the administrative law hearing that she had difficulties concentrating such that prevented her from working. Additionally, the record reflects multiple instances of her doctors finding that plaintiff had no limitations in concentration. (Id. at 55-57, 71, and 301).

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 17) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 14th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge